UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA WISE and GIDEON ROMM, on behalf of themselves and all others similarly situated, <br><br>       Plaintiffs, <br><br> v. <br><br> ENERGY PLUS HOLDINGS LLC, <br><br>       Defendant. | **ECF Case** <br> **Civil Action No. 1:11-cv-7345 (WHP)** <br><br>    Honorable William H. Pauley, III, <br>       U.S.D.J. |

---

### DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

---

**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas
New York, NY 10020
212-262-6700
rtowey@lowenstein.com
jhalper@lowenstein.com
*Attorneys for Defendant*
*Energy Plus Holdings LLC*

Of Counsel:
Robert D. Towey, Esq. (admitted *pro hac vice*)
Jason E. Halper, Esq.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................1

STATEMENT OF THE CASE..........................................................................................2

LEGAL STANDARDS ....................................................................................................3

ARGUMENT ....................................................................................................................5

    I.      PLAINTIFFS' CLAIMS UNDER THE NEW YORK GENERAL
            BUSINESS LAW SHOULD BE DISMISSED. ................................................5

           A.     ENERGY PLUS' STATEMENT THAT ITS "GOAL IS TO BE
                 COMPETITIVE" WITH OTHER ENERGY PROVIDERS IS
                 NON-ACTIONABLE PUFFERY AND CANNOT FORM THE
                 BASIS OF A DECEPTIVE PRACTICES CLAIM UNDER GBL
                 § 349.......................................................................................................5

           B.     PLAINTIFFS' STATUTORY CLAIMS SHOULD BE
                 DISMISSED BECAUSE THE COMPLAINT DOES NOT
                 ASSERT THAT THE ALLEGED MISREPRESENTATIONS
                 WERE MATERIAL.................................................................................8

           C.     ENERGY PLUS' STATEMENT THAT IT "OFFERS A
                 MARKET RATE PRODUCT" IS NOT MISLEADING UNDER
                 THE ACT.............................................................................................10

           D.     ENERGY PLUS' STATEMENTS REGARDING THE
                 RELIABILITY OF ITS SERVICES ARE NOT MISLEADING
                 UNDER THE ACT. ...............................................................................12

           E.     UNDER NEW YORK LAW, ENERGY PLUS WAS NOT
                 OBLIGATED TO DISCLOSE WHETHER ITS RATES WERE
                 HIGHER THAN OTHER ENERGY SUPPLIERS. ..................................13

           F.     ENERGY PLUS CLEARLY AND CONSPICUOUSLY
                 DISCLOSES THAT IT OFFERS A "VARIABLE RATE PLAN"
                 TAKING INTO ACCOUNT THE MARKET AND "OTHER
                 FACTORS."..........................................................................................13

    II.     PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD BE
            DISMISSED BECAUSE AN EXPRESS AGREEMENT GOVERNS
            THE RELATIONSHIP BETWEEN THE PARTIES. ...........................................14

CONCLUSION.................................................................................................................16

# TABLE OF AUTHORITIES

**Pages**

**CASES**

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009)................................................................................3, 4

*Assoc. Gen. Contractors of Cal., Inc. v. Carpenters,*
  459 U.S. 519 (1983)........................................................................................4

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)....................................................................................3, 4

*Beneficial Corp. v. FTC,*
  542 F.2d 611 (3d Cir. 1976)..........................................................................11

*Beth Isr. Med. Ctr. v. Horizon Blue Cross and Blue Shield of N.J., Inc.,*
  448 F.3d 573 (2d Cir. 2006)....................................................................14, 15

*Bildstein v. MasterCard Int'l Inc.,*
  329 F. Supp. 2d 410 (S.D.N.Y. 2004)...............................................4, 8, 9, 10

*Bologna v. Allstate Ins. Co.,*
  138 F. Supp. 2d 310 (E.D.N.Y. 2001) .............................................................6

*Cohen v. JP Morgan Chase and Co.,*
  498 F.3d 111 (2d Cir. 2007)............................................................................5

*Fink v. Time Warner Cable,*
  No. 08 Civ. 9628, 2011 U.S. Dist. LEXIS 100804 (S.D.N.Y. Sept. 6, 2011) ..................5, 6, 7

*Gershon v. Hertz Corp.,*
  215 A.D.2d. 202 (N.Y. App. Div. 1995) ........................................................13

*Goldmark, Inc. v. Catlin Syndicate Ltd.,*
  No. 09-CV-3876, 2010 U.S. Dist. LEXIS 141967 (E.D.N.Y. Nov. 22, 2010)..........................4

*Gordon and Breach Science Publishers S.A. v. Am. Inst. of Physics,*
  905 F. Supp. 169 (S.D.N.Y. 1995) ..................................................................8

*Greenberg v. Chrust,*
  282 F. Supp. 2d 112 (S.D.N.Y. 2003)..........................................................5, 7

*Harris v. Mills,*
  572 F.3d 66 (2d Cir. 2009)..............................................................................4

*Howe v. The Bank of N.Y. Mellon,*
    783 F. Supp. 2d 466 (S.D.N.Y. 2011)...................................................................15

*Hubbard v. Gen. Motors Corp.,*
    No. 95 Civ. 4362, 1996 U.S. Dist. LEXIS 6974 (S.D.N.Y. May 22, 1996)............................6

*Interpharm, Inc. v. Wells Fargo Bank, N.A.,*
    655 F.3d 136 (2d Cir. 2011)............................................................................4

*Kaye v. Grossman,*
    202 F.3d 611 (2d Cir. 2000)...........................................................................14

*Lacoff v. Buena Vista Publ'g, Inc.,*
    705 N.Y.S.2d 183 (N.Y. Sup. Ct. 2000) ................................................................6

*Lipton v. Nature Co.,*
    71 F.3d 464 (2d Cir. 1995).............................................................................6

*Marcus v. AT&T Corp.,*
    138 F.3d 46 (2d Cir. 1998).........................................................................5, 12

*Maurizio v. Goldsmith,*
    230 F.3d 518 (2d Cir. 2000)............................................................................4

*Nasik Breeding & Research Farm Ltd. v. Merck & Co.,*
    165 F. Supp. 2d 514 (S.D.N.Y. 2001) ..................................................................6

*Orange Cnty. Choppers, Inc. v. Oleas Enter., Inc.,*
    497 F. Supp. 2d 541 (S.D.N.Y. 2007) .................................................................15

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,*
    85 N.Y.2d 20 (N.Y. 1995) .......................................................................passim

*Pelman v. McDonalds Corp.,*
    237 F. 2d 512 (S.D.N.Y. 2003)..................................................................5, 7, 12

*Stutman v. Chem. Bank,*
    260 A.D.2d 272 (N.Y. App. Div. 1999) .............................................................8, 9

*Time Warner Cable, Inc. v. DirecTV, Inc.,*
    475 F. Supp. 2d 299 (S.D.N.Y. 2007)..................................................................11

*Welch v. TD Ameritrade Holding Corp.,*
    No. 07 Civ. 6904, 2009 U.S. Dist. LEXIS 65584 (S.D.N.Y. July 27, 2009) ............................8

*Woods v. Maytag Co.,*
    No. 10-cv-0559, 2010 U.S. Dist. LEXIS 116595 (E.D.N.Y. Nov. 2, 2010) ...............................4

**STATUTES**

New York General Business Law § 349 ................................................................................ passim

**RULES**

*Fed. R. Civ. P.* 12(b)(6)................................................................................................1, 3, 16

## PRELIMINARY STATEMENT

Defendant Energy Plus Holdings LLC ("Energy Plus") submits this Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint filed by Plaintiffs Angela Wise and Gideon Romm ("Plaintiffs") pursuant to *Fed. R. Civ. P.* 12(b)(6). Energy Plus is one of a number of energy service companies ("ESCOs") conducting business in various states, including New York, which compete with, and provide an alternative to, utility companies such as Consolidated Edison, Inc. ("ConEd"). At issue in this putative class action are the following three statements allegedly made by Energy Plus in its marketing materials:

- Consumers "will earn miles while still receiving the same reliable service from your local utility company . . . The best part is that nothing about your service will change."
- "Energy Plus offers a market-rate product, which means we buy electricity every day on the open market. Our approach is to purchase energy from each of these markets on a daily and monthly basis, which allows us to incorporate the most up-to-date energy costs from each market into our rates. As with all variable rate plans, your supply price may fluctuate on a monthly basis – lower or higher – to reflect the current state of each market and other factors."
- Energy Plus' "goal is to be competitive with other energy suppliers and your local utility company over the long run, while offering valuable rewards."

Plaintiffs bring claims against Energy Plus under the consumer protection provisions of the New York General Business Law ("GBL" or the "Act") § 349(a) and § 349-d(3) for deceptive marketing statements, and GBL § 349-d(7) for failure to clearly and conspicuously disclose its rates. As set forth herein, these claims should be dismissed because: (1) the alleged deceptive statements are either non-actionable puffery or not materially deceptive; and (2) Energy Plus clearly and conspicuously discloses in the very statements challenged that it offers a variable rate product which may fluctuate on a monthly basis, lower or higher. Additionally, Plaintiffs assert a claim for unjust enrichment, which likewise should be dismissed. As Plaintiffs acknowledge in the Amended Complaint, an express contract existed between

Plaintiffs and Energy Plus for the provision of energy services which bars Plaintiffs' unjust enrichment claim as a matter of law.

In short, there is nothing illegal, much less improper, about the energy rates charged by Energy Plus. Indeed, Plaintiffs do not, because they cannot, allege that the rates charged by Energy Plus violated any regulations, statutes, guidelines, or anything else. Plaintiffs do not allege that their energy bills were inaccurate in any way. Nor do Plaintiffs allege that Energy Plus breached a single provision in its contracts with the Plaintiffs. Rather, Plaintiffs' claims are based entirely on three isolated and supposedly deceptive statements in Energy Plus' marketing materials. But those statements, on their face, are not deceptive or inaccurate in any way -- and, at most, are non-actionable puffery. No amount of discovery will change that fact. Thus, as outlined further below, Plaintiffs' claims for unjust enrichment and their claims for deceptive business practices should be dismissed.

## STATEMENT OF THE CASE[1]

Energy Plus is an energy service company licensed to do business in the State of New York. (Am. Compl. ¶ 7.) In 1996, the New York Public Service Commission deregulated the energy industry within the State. (Am. Compl. ¶ 8.) After deregulation, consumers were offered a greater selection of energy suppliers to choose from, including alternative energy suppliers, known as ESCOs, which compete with and provide an alternative to utility companies, such as ConEd, for the supply of electricity.[2] (Am. Compl. ¶¶ 8-9.)

---

[1] For the purposes of this motion, the facts alleged in the Amended Complaint are accepted as true. Energy Plus does not admit or deny the accuracy of any fact recited therein.

[2] Before deregulation, utilities controlled all components of the energy industry, including both the delivery and the supply of energy (electricity and natural gas). Deregulation or "restructuring" divided those processes. Utilities still handle the delivery of energy to customers' homes, ensuring the wires, pipes and meters are properly working; however, now ESCOs like Energy Plus can supply consumers with energy.

Wise commenced this putative class action in the United States District Court for the Southern District of New York on October 18, 2011. (Dkt. No. 1.) An Amended Complaint was filed on January 11, 2012, (Dkt. No. 9), which added Romm as a plaintiff. Plaintiffs purport to represent a class of New York consumers who have paid "considerably more for their electricity than they should otherwise have paid." (Am. Compl. ¶ 1.) Plaintiffs contend that Energy Plus violated GBL §§ 349 and 349-d by (1) representing that its rates are "competitive" and that it "offers a market-rate product"; (2) telling consumers that "nothing about [their] service will change"; (3) failing to disclose that its rates are higher than other ESCOs or local utilities; and (4) failing to "clearly and conspicuously identify its variable charges." (Am. Compl. ¶¶ 11-17, 28.) Additionally, Plaintiffs assert a claim for unjust enrichment. Specifically, Plaintiffs' claims are based entirely on the following statements by Energy Plus:

- Consumers "will earn miles while still receiving the same reliable service from your local utility company . . . The best part is that nothing about your service will change."
- "Energy Plus offers a market-rate product, which means we buy electricity every day on the open market. Our approach is to purchase energy from each of these markets on a daily and monthly basis, which allows us to incorporate the most up-to-date energy costs from each market into our rates. As with all variable rate plans, your supply price may fluctuate on a monthly basis – lower or higher – to reflect the current state of each market and other factors."
- Energy Plus' "goal is to be competitive with other energy suppliers and your local utility company over the long run, while offering valuable rewards." (Am. Compl. ¶¶ 12-15.)

For the reasons set forth herein, these claims should be dismissed in their entirety.

## LEGAL STANDARDS

On a motion to dismiss brought pursuant to Rule 12(b)(6), a court must dismiss a complaint where, as here, even a generous reading of the allegations fails to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, a plaintiff must plead "enough 'factual content' to allow a court 'to draw the reasonable inference that the defendant is

liable for the misconduct alleged.'" *Interpharm, Inc. v. Wells Fargo Bank, N.A.*, 655 F.3d 136, 141 (2d Cir. 2011) (quoting *Iqbal*, 129 S. Ct. at 1949). Only when "a claim has been stated adequately . . . may [it] be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563; *see also Assoc. Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume that [the plaintiff] can prove facts that it has not alleged."). Further, as the Second Circuit has explained, the principle that "a court must accept as true all of the allegations contained in a complaint," is "inapplicable to legal conclusions." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotations omitted).

To state a claim under GBL § 349, a plaintiff must allege (1) that the defendant engaged in consumer-oriented conduct; (2) that was misleading in a material way; and (3) which caused the plaintiff injury as a result. *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) (per curiam) (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (N.Y. 1995)). All three elements are necessary to state a claim and "[c]ourts routinely dismiss claims under GBL § 349" where the allegations are insufficient to establish a deceptive practice under the Act. *Woods v. Maytag Co.*, No. 10-cv-0559, 2010 U.S. Dist. LEXIS 116595, at *44 (E.D.N.Y., Nov. 2, 2010) ("Maytag I") (dismissing plaintiff's consumer fraud claim for failure to plead a "materially misleading deceptive act or practice"); *see also Bildstein v. MasterCard Int'l Inc.*, 329 F. Supp. 2d 410, 414, 415-16 (S.D.N.Y. 2004) (Pauley, J.) (dismissing plaintiff's Section 349 claim for failure to plead materiality or injury); *Goldmark, Inc. v. Catlin Syndicate Ltd.*, No. 09-CV-3876, 2010 U.S. Dist. LEXIS 141967, at *12-20 (E.D.N.Y. Nov. 22, 2010) (granting defendant's motion to dismiss for failure to allege consumer-oriented conduct).

Therefore, as a threshold matter, whether a plaintiff has stated a claim for deceptive practices under the Act is the proper subject of a motion to dismiss.

## ARGUMENT

I.    **PLAINTIFFS' CLAIMS UNDER THE NEW YORK GENERAL BUSINESS LAW SHOULD BE DISMISSED.**

    A.    **ENERGY PLUS' STATEMENT THAT ITS "GOAL IS TO BE COMPETITIVE" WITH OTHER ENERGY PROVIDERS IS NON-ACTIONABLE PUFFERY AND CANNOT FORM THE BASIS OF A DECEPTIVE PRACTICES CLAIM UNDER GBL § 349.**

The New York Consumer Protection Act declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service," GBL § 349(a), and specifically "deceptive acts or practices in the marketing of energy services." GBL § 349-d(3).[3] New York has adopted an objective definition of deceptive acts and practices, under which the alleged conduct must have been "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Cohen v. JP Morgan Chase and Co.*, 498 F.3d 111, 126 (2d Cir. 2007); *Oswego*, 85 N.Y.2d at 26; *Marcus v. AT&T Corp.*, 138 F.3d 46, 64 (2d Cir. 1998); *Pelman v. McDonalds Corp.*, 237 F. 2d 512, 525 (S.D.N.Y. 2003).

This Court has held that "mere opinion or puffery" is not actionable under the Consumer Protection Act. *Greenberg v. Chrust,* 282 F. Supp. 2d 112, 120-21 (S.D.N.Y. 2003). Puffery includes, among other things, "generalized or exaggerated statements" upon which a reasonable consumer would not rely. *Fink v. Time Warner Cable*, No. 08 Civ. 9628, 2011 U.S. Dist. LEXIS 100804, at *24 (S.D.N.Y. Sept. 6, 2011) (Swain, J.); *see also Pelman*, 237 F. Supp. 2d at 528 n.14. Courts have also found puffery as a matter of law when the challenged

---

[3] References herein to allegedly deceptive acts and practices under GBL § 349 shall include both GBL § 349(a) and § 349-d(3).

statements do not provide any concrete representations about a service or product. *Nasik Breeding & Research Farm Ltd. v. Merck & Co.*, 165 F. Supp. 2d 514, 530 (S.D.N.Y. 2001). Regarding puffery in advertising, the Second Circuit has stated that "[s]ubjective claims about products, which cannot be proven either true or false, are not actionable." *Lipton v. Nature Co.*, 71 F.3d 464, 474 (2d Cir. 1995).

Energy Plus' statement that its "goal is to be competitive with other energy suppliers and your local utility company over the long run, while offering valuable rewards" is a text book example of puffery and, therefore, cannot form the basis for Plaintiffs' claims. *See Fink*, 2011 U.S. Dist. LEXIS 100804, at *26; *Hubbard v. Gen. Motors Corp.*, No. 95 Civ. 4362, 1996 U.S. Dist. LEXIS 6974, at *22 (S.D.N.Y. May 22, 1996) (dismissing plaintiff's claims for fraud and negligent misrepresentation based on advertising statements which constituted puffery and "upon which a purchaser could not reasonably rely"); *Bologna v. Allstate Ins. Co.*, 138 F. Supp. 2d 310, 322-23 (E.D.N.Y. 2001) (granting motion to dismiss Lanham Act claim upon finding that slogan "you're in good hands with Allstate" was mere puffery); *Lacoff v. Buena Vista Publ'g, Inc.*, 705 N.Y.S.2d 183, 191 (N.Y. Sup. Ct. 2000) (dismissing claims under sections 349 and 350 because certain language was "not actionable, as . . . simply puffery or opinion").

*Fink v. Time Warner Cable* is instructive.  In *Fink*, the plaintiff brought a putative class action against an internet service provider claiming that the defendant misrepresented the quality and speed of its internet service in violation of GBL § 349. *Fink*, 2011 U.S. Dist. LEXIS 100804, at *22-23.  In particular, the plaintiff challenged four allegedly deceptive marketing statements made by the defendant about its internet service:

> (1) its 'always-on connection,' (2) its 'blazing fast speed,' (3) it is the 'fastest, easiest way to get online,' and (4) its service being 'up

to 3 times the speed of most standard DSL packages and up to 100x faster than dial-up so your family can spend their time on the computer learning, experiencing, and playing - instead of waiting.'

*Id.* at *24.

The defendant moved to dismiss on the ground that its allegedly deceptive advertisements were "mere puffery and thus unlikely to mislead a reasonable consumer acting reasonable under the circumstances." *Id.* at *23. In granting the defendant's motion for judgment on the pleadings (applying the same standard as on a 12(b)(6) motion to dismiss), Judge Swain held that terms such as "blazing fast" and "fastest, easiest" were "classic examples" of non-actionable puffery and that the plaintiff had not alleged that the defendant failed, in any way, to deliver on its promise of an "always-on connection" and speeds that rivaled competing internet service providers. *Id.* at 25-26.

Likewise here, Energy Plus' statement that its "goal is to be competitive . . . over the long run" is non-actionable puffery as a matter of law. First, the alleged misrepresentation is a statement of the intention of Energy Plus with respect to its long term goal over time -- not fact. (*See* Am. Compl. ¶ 14.) To constitute more than mere puffing, the representation "must be one of existing fact and not merely an expression of opinion, expectation or declaration of intention." *Greenberg*, 282 F. Supp. 2d at 120-21 (internal quotations omitted). Energy Plus makes no representation that its rates actually match the rates of other energy suppliers, only that it is the company's goal to "be competitive . . . over the long run ...." (*See* Am. Compl. ¶ 15.)

Second, even if Energy Plus had eliminated the references to its "goal [] to be competitive" and had merely stated that its products were "competitive with local utilities and other ESCOs," such a statement would nevertheless constitute nothing more than ordinary sales puffery, upon which a reasonable consumer would not rely. *Pelman*, 237 F. Supp. 2d at 528 n.14. The term "competitive," (Am. Compl. ¶ 15), like the terms "fastest" and "easiest" in *Fink*,

is a general, non-specific descriptor, common to many advertisements. *See Gordon and Breach Science Publishers S.A. v. Am. Inst. of Physics*, 905 F. Supp. 169, 182 (S.D.N.Y. 1995) (holding that advertisements describing a scientific journal as offering "the most cost-effective prices" and "subscription prices as low as possible . . . is general puffery, common to many advertisements"); *Welch v. TD Ameritrade Holding Corp.*, No. 07 Civ. 6904, 2009 U.S. Dist. LEXIS 65584, at *17-18, 31-32 (S.D.N.Y. July 27, 2009) (holding that "[defendant's] statements about its 'outstanding personal service,' 'impartial guidance,' and 'great' Cash Sweep Options constituted immaterial puffery").

Accordingly, because Energy Plus' statement that its "goal is to be competitive with other energy suppliers and your local utility company over the long run, while offering valuable rewards," (Am. Compl. ¶¶ 15), is purely a declaration of subjective intention and makes no representation of existing fact, let alone one which could be proven true or false, the statement cannot serve as a basis for Plaintiffs' claims.

**B.   PLAINTIFFS' STATUTORY CLAIMS SHOULD BE DISMISSED BECAUSE THE COMPLAINT DOES NOT ASSERT THAT THE ALLEGED MISREPRESENTATIONS WERE MATERIAL.**

To plead a prima facie case under GBL § 349, the complaint must not only allege that the defendant's actions or representations were misleading, but that that they were misleading in a material way. *Oswego*, 85 N.Y.2d at 25; *Stutman v. Chem. Bank*, 260 A.D.2d 272, 273 (N.Y. App. Div. 1999). This Court has held that a deceptive practice is material when it is "likely to affect [a consumer's] choice of, or conduct regarding, a product." *Bildstein*, 329 F. Supp. 2d at 414 (dismissing plaintiff's complaint for failure to plead that the alleged deceptive act affected his choice of credit card); *see Stutman*, 260 A.D.2d at 273 (holding that a provision in a note "that the borrower would be able to prepay the loan 'without ... charge,'" when in fact

the borrower was charged a $275 attorney's fee, was not materially misleading because the allegedly misleading language was not likely to have affected the plaintiffs' decision to borrow). Because Plaintiffs do not allege Defendant's alleged deceptive statements affected their choice of energy supplier, the Amended Complaint fails to plead a claim under GBL § 349.

In *Bildstein*, the plaintiff brought a putative class action alleging MasterCard charged consumers a hidden credit card fee in violation of GBL § 349. 329 F. Supp. 2d at 412. MasterCard moved to dismiss the complaint, in part, on the basis that the plaintiff failed to sufficiently plead materiality. *Id.* at 413. In particular, MasterCard argued that the plaintiff did not plead materiality because he did not allege that "if fully informed of the claimed 'fee,' he could have and would have sought out a different and less costly means of making his alleged foreign currency purchases." *Id.* at 413-14. Noting that "'[t]he burden is on plaintiffs to show 'materially deceptive conduct' on which they relied to their detriment,'" *id.* at 414 (quoting *Stutman*, 260 A.D.2d at 273), this Court dismissed the plaintiff's complaint and held that to survive a motion to dismiss, Plaintiff must have alleged that disclosure of the hidden fee would have caused him to choose a different credit card. *Id.*

Here, the Amended Complaint does not plead materiality because nowhere in the complaint do Plaintiffs allege that Defendant's misrepresentations impacted their choice of energy supplier. *See id.*; *Stutman,* 260 A.D.2d at 273 (holding that plaintiffs failed to meet their burden under GBL § 349 where allegedly misleading language was not likely to have affected plaintiffs' decision to borrow from defendant). Plaintiffs merely allege, without connection, that they became customers of Energy Plus and were injured because Energy Plus' rates were higher than ConEd. Further, the generalized allegation that "[n]o reasonable consumer who knows the truth about Energy Plus' exorbitant rates would choose Energy Plus as an electricity supplier" is insufficient as a matter of law. (*See* Am. Compl. ¶ 18.) As in *Bildstein*, Plaintiffs herein have

failed to plead the effect that the alleged deceptive statements had on them individually -- not just consumers at large -- and, therefore, have not met the materiality requirement of a claim under GBL § 349.  *See Bildstein*, 329 F. Supp. 2d at 414 (observing that "[t]he Amended Complaint does not contain any allegations concerning the effect disclosure of the [fee] would have had on . . . Bildstein").  Accordingly, Plaintiffs' claims must be dismissed.

### C.   ENERGY PLUS' STATEMENT THAT IT "OFFERS A MARKET RATE PRODUCT" IS NOT MISLEADING UNDER THE ACT.

The Amended Complaint further alleges that Energy Plus' statement that "it offers a market-rate product" falsely promises that Energy Plus' customer rates are the same as the cost of electricity in the energy market when, in fact, it charges "higher than market rates."  (Am. Compl. ¶ 13 (emphasis added).)  Importantly, Plaintiffs do not allege that Energy Plus represents that its rates *actually* track the market rate.  And when viewed in the context of the challenged advertisement as a whole, as is required, Energy Plus' statement is not misleading – let alone materially misleading – as a matter of law because it defines what it means by "market-rate product" and makes clear that the market rate Energy Plus pays for energy is but one factor that influences its variable rate products. Properly viewed in the context in which it appeared, the challenged statement reads:

> Energy Plus offers a market-rate product, which means we buy electricity every day on the open market.  Our approach is to purchase energy from each of these markets on a daily and monthly basis, which allows us to incorporate the most up-to-date energy costs from each market into our rates.  As with all variable rate plans, your supply price may fluctuate on a monthly basis – lower or higher – to reflect the current state of each market and other factors.

In cases involving the interpretation of marketing material under the Act, this Court has held that "fundamental to any task of interpretation is the principle that text must yield to context, and that the Court must consider the advertisement[s] in [their] entirety and not

engage in disputatious dissection.  The entire mosaic should be viewed rather than each tile separately."  *Time Warner Cable, Inc. v. DirecTV, Inc.*, 475 F. Supp. 2d 299, 305 (S.D.N.Y. 2007) (Swain, J.) (internal quotations omitted); *see also Beneficial Corp. v. FTC*, 542 F.2d 611, 617 (3d Cir. 1976) ("The tendency of the advertising to deceive must be judged by viewing it as a whole, without emphasizing isolated words or phrases apart from their context.").

Applying these principles to Energy Plus' marketing statement as a whole and in context, Energy Plus' statement about its variable rate product is not misleading under the Act. First, Energy Plus explicitly defines "market-rate" in its statement to "*mean*[] we buy electricity everyday on the open market."  (Am. Compl. ¶ 13 (emphasis added).)  The simple fact that Energy Plus purchases energy "on the open market" is not false or misleading as a matter of law. Second, Energy Plus expressly discloses that it "*incorporate[s]* the most up-to-date energy costs" into its rates, along with "*other factors*."  (Am. Compl. ¶ 14 (emphasis added).)  Finally, as more fully argued below, Section F, *infra* at 14-15, Energy Plus advises prospective customers that "[a]s with all variable rate plans, your supply price *may fluctuate* on a monthly basis – lower or higher – to reflect the current state of each market *and other factors*."  (Am. Compl. ¶ 14 (emphasis added).)

Plaintiffs cannot be permitted to rely on an isolated statement, taken out of context, and allege they were misled.  In actuality, when placed in its full context, the statement that "Energy Plus offers a market-rate product, which means we buy electricity every day on the open market" and its explicit disclosure about its variable rate plans and the fluctuation of prices does not provide a basis for a claim under GBL § 349.  (Am. Compl. ¶ 13 (emphasis added).)

**D.  ENERGY PLUS' STATEMENTS REGARDING THE RELIABILITY OF ITS SERVICES ARE NOT MISLEADING UNDER THE ACT.**

Plaintiffs further challenge Defendant's statements that its customers "will earn miles *while still receiving the same reliable service* from [their] local utility company" and "nothing about [their] service will change" as materially misleading because consumers receive energy services that "are substantially more costly."  (Am. Compl. ¶ 12. (emphasis added).) Plaintiffs' claim on this point, however, is fundamentally flawed.  Energy Plus' statement about the reliability and continuity of energy service has nothing to do with the cost of those services, and, indeed, Plaintiffs do not plead that the service provided by Energy Plus was not reliable or that their energy service changed or was interrupted when they became customers.

Instead, Plaintiffs claim that the rewards offered by Energy Plus were not worth a potentially higher rate for energy service, and did not satisfy their subjective expectations of value.  (Am. Compl. ¶ 12.)  As a result, Plaintiffs have failed to connect Energy Plus' statements about the continuity of service provided to its new customers -- *i.e.*, uninterrupted by switching to Energy Plus from another supplier -- to any claim of deceptive conduct and, moreover, these statements are not "likely to mislead a reasonable consumer acting reasonably under the circumstances" as a matter of law.  *See Oswego*, 85 N.Y.2d at 26; *Marcus*, 138 F.3d at 64; *Pelman*, 237 F. Supp. 2d at 525.  Plaintiffs do not claim that their energy service was interrupted by switching to Energy Plus or that Energy Plus' service was less reliable than the service they previously had.  Accordingly, Plaintiffs have failed to state a claim under the Act based upon these challenged statements.

### E.   UNDER NEW YORK LAW, ENERGY PLUS WAS NOT OBLIGATED TO DISCLOSE WHETHER ITS RATES WERE HIGHER THAN OTHER ENERGY SUPPLIERS.

The Amended Complaint alleges that Energy Plus failed to disclose that its rates are "substantially higher than other ESCOs or local utilities" in violation of the Act.  (Am. Compl. ¶¶ 11, 13.)  Even if true, Plaintiffs' claim must be dismissed because the failure to disclose such information does not constitute a deceptive practice under the Act.

Under New York law, a business is neither expected, nor required, to anticipate consumers' individual needs or guarantee that each consumer has all information relevant to his or her specific situation relative to the decision to purchase goods and services. *See Oswego*, 85 N.Y.2d at 26.  In particular, a business is not required to disclose how its prices fare against competitors, nor advise prospective customers on how to obtain the most cost-effective rate, even among the products or services offered by that business. *See Gershon v. Hertz Corp.*, 215 A.D.2d. 202, 202-03 (N.Y. App. Div. 1995) (affirming the lower court's ruling that a car rental company's failure to disclose to "prospective customers alternative rental arrangements at lower rates than that the customer had inquired about" was not a deceptive act or practice under GBL § 349).  Simply put, the Act imposed no obligation on Energy Plus to disclose to prospective customers that its variable rate products were potentially higher than other energy suppliers.  Accordingly, the Amended Complaint fails to state a claim as a matter of law.

### F.   ENERGY PLUS CLEARLY AND CONSPICUOUSLY DISCLOSES THAT IT OFFERS A "VARIABLE RATE PLAN" TAKING INTO ACCOUNT THE MARKET AND "OTHER FACTORS."

Plaintiffs' allegation that "Defendant never clearly explains the basis or effect of its variable charges, how much they will vary, or why, nor are its disclosures regarding the variability of its rate conspicuously disclosed," (Am. Compl. ¶ 28), likewise fails to state a claim because Energy Plus has fully satisfied its obligations under GBL § 349-d(7).

-13-

GBL § 349-d governs deceptive acts and practices in the provision of energy services.  In particular, GBL § 349-d(7) provides, that "in every contract for energy services and in all marketing materials provided to prospective purchasers of such contracts, all variable charges shall be clearly and conspicuously identified."  Significantly, the Act does not require energy suppliers to "explain[] the basis or effect of its variable charges, how much they will vary, or why" as asserted by Plaintiffs.  (*See* Am. Compl. ¶ 28.)

Energy Plus has satisfied GBL § 349-d(7) by clearly and conspicuously disclosing in its contracts and the very marketing statements at issue in this case that it offers a "variable rate plan."  (Am. Compl. ¶ 14.)  Because its rates vary, there is nothing more that Energy Plus must – or can – disclose clearly and conspicuously.  In fact, Energy Plus goes beyond its statutory obligation by clearly and conspicuously advising customers that "your supply price may fluctuate on a monthly basis -- lower or higher -- to reflect the current state of each market and other factors."  (Am. Compl. ¶ 14.)  Thus, Plaintiffs' claims under GBL § 349-d should be dismissed.

## II.   PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED BECAUSE AN EXPRESS AGREEMENT GOVERNS THE RELATIONSHIP BETWEEN THE PARTIES.

Unjust enrichment is an equitable remedy the law creates in the absence of an express agreement.  *Beth Isr. Med. Ctr. v. Horizon Blue Cross and Blue Shield of N.J., Inc.*, 448 F.3d 573, 586-87 (2d Cir. 2006).  To prevail on a claim for unjust enrichment in New York, a plaintiff must establish "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution."  *Id.* at 586 (quoting *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000)).

Because unjust enrichment is designed to provide equitable relief "where the absence of an enforceable contract otherwise prevents recovery from [the culpable] parties,"

*Howe v. The Bank of N.Y. Mellon*, 783 F. Supp. 2d 466, 486 (S.D.N.Y. 2011) (internal quotations omitted), it is a well-settled principle of law that "an enforceable contract between the parties concerning a particular subject matter precludes quasi-contractual recovery in unjust enrichment for claims arising out of the same subject matter." *Orange Cnty. Choppers, Inc. v. Oleas Enter., Inc.*, 497 F. Supp. 2d 541, 554 n.18 (S.D.N.Y. 2007).   Indeed, it is impermissible to seek damages on a theory of unjust enrichment where the parties have fully performed under the operable agreement, "the existence of which is undisputed." *Beth Isr. Med. Ctr.*, 448 F.3d at 587 (internal quotations omitted).

Here, both Plaintiffs acknowledge that they each entered into an express agreement for energy services with Defendant. (Am. Compl. ¶¶ 5-6.)  Plaintiffs nevertheless assert a claim for unjust enrichment arising out of the same subject matter covered by the agreement. (Am. Compl. ¶¶ 33-35.)  Because it is undisputed that an express contract existed between the parties, Plaintiffs' quasi-contractual claims must fail as a matter of law.

## CONCLUSION

For all of the foregoing reasons, Energy Plus requests that this Court dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

/s/ Robert D. Towey

Dated:  February 1, 2012

Robert D. Towey
Jason E. Halper
**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas, 18th Floor
New York, NY  10020
212-262-6700
rtowey@lowenstein.com
jhalper@lowenstein.com
*Attorneys for Defendant*
*Energy Plus Holdings LLC*