MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, New York 10605
Tel: (914) 517-5000
Fax: (914) 517-5055

*Attorneys For Plaintiffs On Behalf Of*
*Themselves And All Others Similarly Situated*



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA WISE and GIDEON ROMM, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ENERGY PLUS HOLDINGS LLC, <br><br> Defendant. | Civil Action No. 11-7345-WHP <br><br> Second Amended Complaint |

Plaintiffs Angela Wise and Gideon Romm, by their attorneys, Meiselman, Denlea, Packman, Carton & Eberz P.C., as and for their amended class action complaint, allege, with personal knowledge as to their own actions, and upon information and belief as to those of others, as follows:

### Nature Of This Case

1.      This action seeks to redress the deceptive advertising and billing practices of Energy Plus Holdings, LLC ("Energy Plus") that have caused tens of thousands of New York consumers to pay considerably more for their electricity than they should otherwise have paid.  Energy Plus has taken advantage of the deregulation of the retail

electricity market in New York State by luring consumers into switching electricity suppliers based on offers of frequent flier or other travel reward points, or offers of "cash back," and by falsely promising to charge competitive rates reflective of prevailing market conditions.

2.    Unfortunately for New York consumers, however, there is nothing "competitive" about Defendant's rates, which bear little relation to prevailing market conditions.  As a result, New York consumers are being fleeced tens of millions of dollars in exorbitant charges for electricity.

3.    This suit is brought pursuant to N.Y. G.B.L. § 349 and N.Y. G.B.L. § 349-d on behalf of a class of New York consumers who purchased household electricity from Energy Plus from October 18, 2008, to the present.  It seeks, *inter alia*, injunctive relief, statutory damages, treble damages up to ten thousand dollars for each class member, attorneys' fees, and the costs of this suit.

## Jurisdiction

4.    Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d), as minimal diversity exists, there are more than 100 class members, and the amount in controversy is in excess of $5 million.

## Parties

5.    Plaintiff Angela Wise resides in New York, New York.  Ms. Wise was a residential Energy Plus customer in 2011 and, as a result of Defendant's deceptive conduct, incurred excessive charges for electricity.  In 2011, Ms. Wise enrolled as an Energy Plus consumer on-line using Energy Plus' website.

2

6.      Plaintiff Gideon Romm resides in White Plains, New York.  Mr. Romm was a residential Energy Plus consumer in 2011 and, as a result of Defendant's deceptive conduct, incurred excessive charges for electricity.  After having received a mailer from Energy Plus, Mr. Romm enrolled as an Energy Plus consumer on-line using Energy Plus' website in 2011.

7.      Defendant Energy Plus Holdings, LLC, a corporation with its principal place of business located in Philadelphia, Pennsylvania, is licensed as an electricity supplier in New York.

### Operative Facts

8.      In 1996, the New York Public Service Commission issued an opinion mandating the restructuring of the electric utility industry within the State.  Among the goals of the reorganization were increased competition and deregulation within the industry, with an eye towards achieving greater consumer choice and an overall reduction of energy rates.  As a result, the State's electric industry is open to competition, and electricity consumers may choose their supplier of electricity.

9.      The new energy suppliers, who compete against local utilities such as Consolidated Edison, Inc. ("ConEd"), are known as energy service companies, or "ESCOs."  While ESCOs supply the power, the delivery of electricity to homes remains the job of the local utilities.

10.      As part of the deregulation plan, ESCO's, like Energy Plus, do not have to file the electricity rates they charge with the Public Service Commission or the method by which they set their rates.

11.     However, Energy Plus takes advantage of the deregulation and the lack of regulatory oversight in the energy market to deceptively charge New York consumers exorbitant rates for electricity.  In fact, Energy Plus' rates are substantially higher than other ESCOs or local utilities, a material fact that Defendant fails to disclose to consumers.

12.     Energy Plus uniformly and consistently markets its electricity sales in print and on the Internet by offering consumers a choice of "rewards," such as points for airline or hotel rewards programs or cash back.  For example, Energy Plus entices consumers by representing in its mailers that consumers "will earn miles while still receiving the same reliable service from your local utility company . . . The best part is that nothing about your service will change."  Similarly, on its website, Energy Plus represents that "[w]hen you choose Energy Plus, you'll receive the same energy services you've always had plus your choice of rewards – just for paying your energy bills."  These statements are materially misleading because consumers do not receive the same energy services but instead receive energy services that are substantially more costly; moreover, these "rewards" are worth far less than the difference between Energy Plus' exorbitantly high rates and those offered by reputable energy suppliers.

13.     Energy Plus also uniformly and consistently represents that its rates are "competitive" with other ESCOs and purportedly reflective of prevailing market conditions.  In mailers sent to consumers, for instance, Energy Plus represents that "Energy Plus offers a market-rate product, which means we buy electricity every day on the open market."  However, Energy Plus' rates do not reflect prevailing market rates

but, rather, are substantially higher than market rates. Energy Plus fails to disclose this material fact to its customers.

14.     On its web page, Energy Plus also represents that it scours the market to find the cheapest energy for its customers: "Our approach is to purchase energy from each of these markets on a daily and monthly basis, <u>which allows us to incorporate the most up-to-date energy costs from each market into our rates</u>. As with all variable rate plans, your supply price may fluctuate on a monthly basis – lower or higher – <u>to reflect the current state of each market</u> and other factors." (Emphasis added)  The clear implication is that Energy Plus is purchasing energy at market rates, where competition ensures the lowest prices.

15.     Energy Plus also misleadingly suggests that its rates will be competitive with local utilities and other ESCOs by stating that its "goal is to be competitive with other energy suppliers and your local utility company over the long run, while offering valuable rewards."

16.     In fact, Energy Plus' rates are not competitive or reflective of energy costs in the market. To the contrary, Energy Plus' customers pay as much as two to three times more for electricity than do customers of the local utilities or other ESCOs. For example, in June 2011, ConEd charged consumers in Manhattan 12.07 cents per kilowatt hour; Energy Plus charged Ms. Wise 22.49 cents per kilowatt hour during that same period. Similarly, ConEd charged consumers in White Plains 5.8 cents per kilowatt hour in December 2011; Energy Plus charged Mr. Romm 21.87 cents per kilowatt hour during that same period.

17.     Moreover, Energy Plus' claim that its rates are based on the market is belied by the fact that its prices rise or remain steady in some periods when electricity costs decline.  Energy Plus does not disclose these material facts to consumers.

18.     All of these statements are materially misleading, as the most important consideration for any reasonable consumer when choosing an energy supplier is price. No reasonable consumer who knows the truth about Energy Plus' exorbitant rates would choose Energy Plus as an electricity supplier.

19.     Energy Plus' misstatements and omissions caused Ms. Wise's injury because she believed that she would be charged less for electricity than she was actually charged by Energy Plus.  Ms. Wise would not have enrolled in Energy Plus' service but for Defendant's deceptive marketing and business practices.  Had Ms. Wise known that the rates she would be charged by Energy Plus were substantially higher than the rates she was paying her previous electricity supplier, she would not have enrolled with Energy Plus.  Ms. Wise has sustained economic injury caused by Defendant's omissions and misstatements.

20.     Energy Plus' misstatements and omissions caused Mr. Romm's injury because he believed that he would be charged less for electricity than he was actually charged by Energy Plus.  Mr. Romm would not have enrolled in Energy Plus' service but for Defendant's deceptive marketing and business practices.  Had Mr. Romm known that the rates he would be charged by Energy Plus were substantially higher than the rates he was paying his previous electricity supplier, he would not have enrolled with Energy Plus.  Mr. Romm has sustained economic injury caused by Defendant's omissions and misstatements.

6

## Class Action Allegations

21.     Plaintiffs bring this action on their own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all New York State residents who were Energy Plus customers from October 18, 2008 to the present.

22.     Excluded from the Class are Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

23.     This action is brought as a class action for the following reasons:

a.     The Class consists of thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.     There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

i.     whether Defendant violated N.Y. G.B.L § 349 and N.Y. G.B.L § 349-d;

ii.     whether Plaintiffs and the Class have sustained damages and, if so, the proper measure thereof; and

iii.     whether Defendant should be enjoined from continuing to charge exorbitant undisclosed rates.

c.     The claims asserted by Plaintiffs are typical of the claims of the members of the Class;

      d.     Plaintiffs will fairly and adequately protect the interests of the Class, and Plaintiffs have retained attorneys experienced in class and complex litigation, including litigation involving consumer protection;

      e.     Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant;

      f.     Defendant has acted on grounds that apply generally to the Class, namely failing to disclose that its rates are substantially higher than those otherwise available in the market and misrepresenting that its rates are competitive and reflective of electricity costs prevailing in the market, so that final injunctive relief prohibiting Defendant from continuing its deceptive practices is appropriate with respect to the class as a whole;

      g.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

          i.     Absent a class action, Class members as a practical matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without remedy, additional consumers and purchasers will be harmed, and Defendant will continue to retain its ill-gotten gains;

          ii.     It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

          iii.     When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

iv.      A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions;

v.      The lawsuit presents no difficulties that would impede its management by the Court as a class action; and

vi.      Defendant has acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate.

24.      Defendant's violations of N.Y. G.B.L § 349 and N.Y. G.B.L § 349-d are applicable to all members of the Class, and Plaintiffs are entitled to have Defendant enjoined from engaging in illegal and deceptive conduct in the future.

## FIRST CAUSE OF ACTION
### (Violation of N.Y. General Business Law § 349)

25.      Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1-24 above as if fully set forth herein.

26.      Through its conduct described above, Defendant has engaged in deceptive acts and practices that resulted in injury to Plaintiffs and the other members of the Class.

27.      By reason of the foregoing, Defendant has violated N.Y. Gen. Bus. Law § 349, and should be enjoined from failing to disclose that its rates are substantially higher than those otherwise available in the market and misrepresenting that its rates are competitive and reflective of electricity costs prevailing in the market.  Defendant is also liable to Plaintiffs and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be

determined at trial but not less than $50.00 for each violation, such damages to be trebled, plus attorneys' fees.

### SECOND CAUSE OF ACTION
### (Violation of N.Y. General Business Law § 349-d)

28.     Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1-24 above as if fully set forth herein.

29.     N.Y. G.B.L. § 349-d(3) provides that "[n]o person who sells or offers for sale any energy services for, or on behalf of, an ESCO shall engage in any deceptive acts or practices in the marketing of energy services."

30.     N.Y. G.B.L. § 349-d(10) provides that "any person who has been injured by reason of any violation of this section may bring an action in his or her own name to enjoin such unlawful act or practice, an action to recover his or her actual damages or five hundred dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to ten thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff."

31.     Defendant knowingly and willfully misrepresented that its rates are competitive and reflective of electricity costs prevailing in the market when its rates are not, in fact, reflective of the market. Defendant knowingly and willfully fails to inform consumers of the material fact that its rates are substantially higher than those otherwise available in the market.

10

32.     Through its conduct described above, Defendant has engaged in deceptive acts and practices that resulted in injury to Plaintiffs and the other members of the Class.

33.     By reason of the foregoing, Defendant has violated N.Y. Gen. Bus. Law § 349-d, and should be enjoined from continuing to fail to disclose that its rates are substantially higher than those otherwise available in the market, and misrepresenting that its rates are competitive and reflective of electricity costs prevailing in the market. Defendant is also liable to Plaintiffs and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial but not less than $500.00 for each violation, such damages to be trebled, plus attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully request that the Court should enter judgment against Defendant as follows:

1.     Certifying this action as a class action, with a class as defined above;

2.     On Plaintiffs' First Cause of Action, awarding against Defendant damages that Plaintiffs and the other members of the Class have suffered, or $50.00 per class member for each violation, whichever is greater, trebled, and granting appropriate injunctive relief;

3.     On Plaintiffs' Second Cause of Action, awarding against Defendant damages that Plaintiffs and the other members of the Class have suffered, or $500.00 per class member for each violation, whichever is greater, trebled, and granting appropriate injunctive relief;

4.      Awarding Plaintiffs and the Class interest, costs and attorneys' fees; and

5.      Awarding Plaintiffs and the Class such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiffs hereby demand a trial by jury.

DATED:  April 5, 2012                          Respectfully submitted,

**MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.**

By: _____
Jeffrey I. Carton
D. Greg Blankinship
1311 Mamaroneck Avenue
White Plains, New York 10605
Tel: (914) 517-5000
Fax: (914) 517-5055
jcarton@mdpcelaw.com
gblankinship@mdpcelaw.com

Attorneys for Plaintiffs

### Certificate of Service

I certify that on the 5th day of April 2012, I caused a true copy of Plaintiffs' Second

Amended Complaint to be served by e-mail and overnight mail upon the following:

Jason E. Halper
Lowenstein Sandler PC (NYC)
1251 Avenue of The Americas
New York, NY 11020
(973)-597-6144
Fax: 973)-597-6145
Email: jhalper@lowenstein.com

Robert D. Towey
Lowenstein, Sandler, P.C.
65 Livinston Ave
Roseland, NJ 07068
(973)597-2500
Fax: (973)597-2400
Email: rtowey@lowenstein.com

D. Greg Blankinship