**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas
New York, New York 10020
*Attorneys for Defendant*
*Energy Plus Holdings LLC*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANGELA WISE and GIDEON ROMM, on behalf of herself and others similarly situated, <br><br>             Plaintiffs, <br><br> v. <br><br> ENERGY PLUS HOLDINGS LLC, <br><br>             Defendant. | **Civil Action No. 1:11-cv-7345 (WHP)** <br><br> Honorable William H. Pauley, III, <br> U.S.D.J. <br><br> **ECF Case** |

**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT**

Defendant Energy Plus Holdings LLC ("Energy Plus") by way of Answer to the Second Amended Complaint, says:

**Nature Of This Case**

1.    Energy Plus denies the allegations in paragraph 1.

2.    Energy Plus denies the allegations in paragraph 2.

3.    Energy Plus denies that Plaintiffs are entitled to the relief sought in paragraph 3.

**Jurisdiction**

4.    Energy Plus denies that this case is properly brought as a class action and that plaintiffs have properly invoked the jurisdiction of this Court.

**Parties**

5.      Energy Plus admits that Angela Wise was a customer.  Energy Plus denies that Ms. Wise was enrolled as a customer using Energy Plus' website, as she became a customer through her utility, ConEd.  Energy Plus denies all allegations of actionable conduct in paragraph 5.

6.      Energy Plus admits that Gideon Romm was a customer.  Energy Plus is without knowledge or information sufficient to form a belief as to what information Mr. Romm allegedly received.  Energy Plus denies all allegations of actionable conduct in paragraph 6.

7.      Energy Plus admits the allegations in paragraph 7.

**Operative Facts**

8.      Paragraph 8 does not set forth any facts as to Energy Plus or pertaining to the allegations in this action, to which Energy Plus must respond by either admitting or denying.

9.      Paragraph 9 does not set forth any facts as to Energy Plus or pertaining to the allegations in this action, to which Energy Plus must respond by either admitting or denying.  Energy Plus admits, however, that energy service companies are known as "ESCOs" and that ESCOs supply power to their customers.

10.      Energy Plus admits that it does not have to rile its rates with the Public Service Commission or the method by which rates are set.

11.      Energy Plus denies the allegations in paragraph 11.

12.     Energy Plus denies that Plaintiffs' complaint has set forth the challenged statements of Energy Plus in full and proper context. Further, Energy Plus denies all allegations of actionable conduct in paragraph 12.

13.     Energy Plus denies that Plaintiffs' complaint has set forth the challenged statements of Energy Plus in full and proper context. Further, Energy Plus denies all allegations of actionable conduct in paragraph 13.

14.     Energy Plus denies that Plaintiffs' complaint has set forth the challenged statements of Energy Plus in full and proper context. Further, Energy Plus denies all allegations of actionable conduct in paragraph 14.

15.     Energy Plus denies the allegations in paragraph 15 that its statements are misleading or improper.

16.     Energy Plus denies all allegations in paragraph 16 and leaves Plaintiffs to their proofs with respect to the cost of electricity charged by ConEd.

17.     Energy Plus denies the allegations of actionable conduct in paragraph 17.

18.     Energy Plus denies the allegations in paragraph 18.

19.     Energy Plus denies the allegations in paragraph 19.

20.     Energy Plus denies the allegations in paragraph 20.

## Class Action Allegations

21.     Energy Plus denies that this action is properly brought as a class action.

22.     Energy Plus neither admits nor denies the allegations in paragraph 22, as they do not contain any factual allegations to which a response is required.

23.     Energy Plus denies that this action is properly brought as a class action.

24.     Energy Plus denies the allegations in paragraph 24.

## FIRST CAUSE OF ATION
### (Violation of N.Y. General Business Law § 349)

25.     Energy Plus repeats its response to the preceding allegations as if set forth at length herein.

26.     Energy Plus denies the allegations in paragraph 26.

27.     Energy Plus denies the allegations in paragraph 27.

## SECOND CAUSE OF ATION
### (Violation of N.Y. General Business Law § 349-d)

28.     Energy Plus repeats its response to the preceding allegations as if set forth at length herein.

29.     Paragraph 29 is a quotation of N.Y.G.B.L. § 349-d(3) to which no response is required .

30.     Paragraph 30 is a quotation of N.Y.G.B.L. § 349-d(10) to which no response is required.

31.     Energy Plus denies the allegations in paragraph 31.

32.     Energy Plus denies the allegations in paragraph 32.

33.     Energy Plus denies the allegations in paragraph 33.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs lack standing to assert their claims.

### THIRD DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## SIXTH DEFENSE

Plaintiffs' claims are barred by laches.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Defendant's actions did not cause the alleged loss.

## TENTH DEFENSE

Plaintiffs' claims are barred because this court lacks jurisdiction over this action.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by their failure to mitigate damages.

## TWELFTH DEFENSE

This case is not appropriate for certification as a class action, and all class allegations and class claims should be dismissed.

## THIRTEENTH DEFENSE

With respect to all putative absent class members, Defendant reserves all defenses

and rights, including but not limited to the defenses of lack of personal jurisdiction and/or that their claims may be barred by the principles of res judicata, collateral estoppel, judicial estoppel, equitable estoppel, claim preclusion, judgment, or similar concepts.

FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the voluntary payment doctrine.

FIFTEENTH DEFENSE

The claims are barred or limited by the terms and conditions of any agreement or contracts between or among the parties.

SIXTEENTH DEFENSE

Defendants are in compliance with all applicable duties and obligations, whether arising from common law, statute, contract, tort or otherwise.

Robert D. Towey (admitted *pro hac vice*)
Aurora F. Parrilla
**LOWENSTEIN SANDLER P C**
1251 Avenue of the Americas
New York, New York 10020
973.597.2500
rtowey@lowenstein.com
aparilla@lowenstein.com
*Attorneys for Defendant*

Dated: April 19, 2012
New York, NY

## CERTIFICATE OF SERVICE

I, **ROBERT D. TOWEY**, of full age, do certify and say:

     1.     I am a Member of Lowenstein Sandler PC, attorneys for the Defendant in the above captioned matter.

     2.     On April 19, 2012, I caused a true copy of Defendant's Answer to the Second Amended Complaint to be served by e-mail and first class mail upon the following:

     Jeffrey I. Carton, Esq.
     Douglas Gregory Blankinship, Esq.
     Meiselman, Denlea, Packman, Carton & Eberz, P.C.
     1311 Mamaroneck Avenue
     White Plains, NY 10605

     3.     I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Robert D. Towey

Dated: April 19, 2012

-7-