UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/26/13
```

ANGELA WISE and GIDEON ROMM, on behalf of themselves and all others similarly situated,

                Plaintiffs,

v.

ENERGY PLUS HOLDINGS LLC,

                Defendant.

Civil Action No. 11-7345

## [PROPOSED] ORDER APPROVING PLAINTIFFS' UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**THIS CAUSE** is before the Court on Plaintiffs' Uncontested Motion for Preliminary Approval of Class Action Settlement. Having reviewed the Motion, the Settlement Agreement, the Declaration of D. Greg Blankinship, and the record in this case, and for good cause shown:

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

### Preliminary Approval of Settlement Agreement

1. The Court finds for the purposes of preliminary approval, that the proposed settlement, as set forth in the Parties' Settlement Agreement, is fair, reasonable, adequate, and in the best interests of the Class. The Court further finds that the Settlement was entered into at arm's length by highly experienced counsel. The Court therefore preliminarily approves the proposed Settlement.

### Class Certification

2. The Court conditionally certifies, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), a Settlement Class defined as:

> All persons who were customers of Energy Plus Holdings LLC or Energy Plus Natural Gas LLC in New York, Maryland, Connecticut, New Jersey, Pennsylvania, Texas, Illinois, Ohio, or Massachusetts, at any time up to and including October 15, 2012.

Excluded from the Settlement Class are Energy Plus Holdings LLC and Energy Plus Natural Gas LLC; any of their respective parents, subsidiaries, or affiliates; any entity controlled by either of them; any officer, director, employee, legal representative, predecessor, successor, or assignee of either Energy Plus Holdings LLC or Energy Plus Natural Gas LLC; and any present or former customer who already made a similar claim and whose claim was resolved by a payment from Energy Plus.

3. Pursuant to the Settlement Agreement, and for Settlement purposes only, the Court finds as to the Settlement Class that:

(a) the Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Class;

(c) the claims of the named Plaintiffs are typical of the claims of the Class;

(d) the named Plaintiffs will fairly and adequately protect the interests of the Class;

(e) questions of law and fact common to class members predominate over any questions affecting only individual Class members; and,

(f) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. The Court appoints Plaintiffs Angela Wise and Gideon Romm as Representatives of the Settlement Class.

5. The Court appoints D. Greg Blankinship and the law firm of Meiselman, Packman, Nealon, Scialabba & Baker P.C. as Class Counsel to the Settlement Class.

## Notice To Potential Class Members

6.  The Court approves the form and content of the proposed Short Form Notice (attached hereto as Exhibit 1) and Long Form Notice (attached hereto as Exhibit 2) (collectively, "Class Notice") and approves the Parties' proposal to distribute the Short Form Notice by U.S. Mail and the Long Form Notice via the Internet, as set forth in the Settlement Agreement. The Court finds that the Parties' proposal regarding class notice to potential class members constitutes the best notice practicable under the circumstances, and complies fully with the notice requirements of due process and Fed. R. Civ. P. 23.

7.  The Court approves the following schedule for dissemination of the Class Notice, requesting exclusion from the Settlement Class or objecting to the Settlement, submitting papers in connection with Final Approval, and the Final Approval Hearing, as follows:

| | |
|---|---|
| Within 7 days after entry of Order Preliminarily Approving the Settlement | Defendant shall provide names and addresses of Settlement Class Members to the Settlement Administrator. |
| Within 14 days after entry of Order Preliminarily Approving the Settlement | Defendant will file a declaration that Energy Plus Holdings LLC, on its own behalf and that of Energy Plus Natural Gas LLC has timely served the notice required under 28 U.S.C. § 1715(b) upon the Attorney General of the United States and appropriate state officials in those states in which Settlement Class Members reside, as determined by Defendant's records of last known addresses. |
| Within 21 days after entry of Order Preliminarily Approving the Settlement | The Settlement Administrator shall mail the Short Form Notice to all Settlement Class Members. |
| Within 21 days after entry of Order Preliminarily Approving the Settlement | The Settlement Administrator shall cause the Settlement Agreement, this Order, and a copy of the Long Form Notice to be posted on the website created pursuant to the Settlement Agreement, as set forth in the Short Form Notice. |
| 60 days after mailing of Class Notice | Opt Out Date: Deadline for Settlement Class Members to opt out of Settlement.<br><br>Objection Date: Deadline for Settlement Class Members to object to terms of Settlement and to advise the parties and the Court of intent to appear at Final Approval Hearing. |

| | |
|---|---|
| 67 days after mailing of Class Notice | Deadline for the Settlement Administrator to provide counsel with affidavit of mailing of Short Form Notice. |
| 67 days after mailing of Class Notice | Deadline for the Settlement Administrator to provide counsel a list of all Class members who returned a timely request to opt out of the Settlement (as described in the Class Notice). |
| 74 days after mailing of Class Notice | Class Counsel shall serve and file affidavit of the Settlement Administrator of mailing of Short Form Notice and completion of other duties enumerated in Settlement Agreement. |
| At least 15 days prior to the Final Approval Hearing | Plaintiffs shall file a motion for final approval of settlement, responses to any objections, and an application for the award of attorneys' fees, costs and enhancement awards for named plaintiffs. |
| 90 days after Defendant serves notice required under 28 U.S.C. § 1715(b) | Earliest date for entry of order finally approving Settlement Agreement. |
| 120 days after entry of Order Preliminarily Approving the Settlement | Final Claims Date: Deadline for Settlement Class Members to make claims. |

## Claims Administration

8. The Court approves Kurtzman Carson Consultants LLC as the Settlement Administrator, with the responsibilities set forth in the Settlement Agreement.

9. As shall be described in the attached and approved Class Notice, any member may opt out of the Class by mailing a completed request for exclusion to the Settlement Administrator and all counsel within 60 days after the date on which notice is mailed to the Class. Persons or entities that request exclusion from the Class shall not be bound by any judgment. The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" opt outs shall not be permitted.

10. Any potential member of the Class that does not properly and timely mail a Request for Exclusion shall be included in the Class and shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such class member shall have objected to the Settlement.

11. Any objecting class member must include his or her name and address and must

4

state, in a writing mailed to the Settlement Administrator and all counsel, all objections and the basis for any objection(s), and provide a statement whether the Objector intends to appear at the Final Approval Hearing, either with or without counsel.

**Fairness Hearing**

12. A Fairness Hearing is hereby scheduled to be held before the undersigned on July 16, 2013, at 11 am/pm, to consider the fairness, reasonableness and adequacy of the Settlement Agreement, the entry of a Final Order and Judgment in the case, any petition for attorneys' fees, costs and reimbursement of expenses made by Class Counsel, Enhancement Awards to named Plaintiffs, and any other related matters that are brought to the attention of the Court in a timely fashion.

13. Any member of the Class that has not filed a Request for Exclusion may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement Agreement; provided, however, that no person shall be heard in opposition to the Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless, in accordance with the deadlines above, such person: (a) filed with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the Settlement Agreement, and any documentation in support of such opposition; and (b) serves copies of such notice, statement and documentation upon all counsel.

14. The date and time of the Fairness Hearing shall be set forth in the Notice but shall be subject to adjournment by the Court without further notice to the members of the Class other than which may be posted on the Court's Electronic Case Filing (ECF) system or the website

created pursuant to the Settlement Agreement, as set forth in the Short Form Notice.

15. If Final Approval of the Settlement is not granted, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the parties rights and the parties shall return to the *status quo ante*, and all Orders issued pursuant to the Settlement and Preliminary and Final Approval process shall be vacated. In such event, the Settlement Agreement and all negotiations concerning it shall not be used or referred to in this action for any purpose whatsoever.

Dated: March 22, 2013
New York, New York

SO ORDERED:

_____
Hon. William H. Pauley, III, U.S.D.J.

**EXHIBIT 1**

| | |
|---|---|
| ## Legal Notice<br><br>**You may be eligible to file a claim for cash or other valuable options as part of a class action settlement because Energy Plus supplied your electricity or natural gas.**<br><br>*1-888-344-6711*<br>*www.EnergySettlement.com* | Energy Plus Settlement Administrator<br>c/o Kurtzman Carson Consultants LLC<br>PO Box 43152<br>Providence, RI<br>02940-3152<br><br>BAR CODE<br>Postal Service: Please do not mark barcode<br><br>Class member address here<br><br>Claim ID#: _____<br><br>(use ID to file your claim on line) |

A settlement has been reached with Energy Plus in a class action lawsuit claiming that advertising about its electricity and natural gas rates was misleading. Energy Plus denies all of the allegations, but has agreed to a settlement to avoid the cost and risk of a trial. The Class (which includes you) is comprised of electricity and natural gas customers of Energy Plus at any time through October 15, 2012.

**What are the terms of the settlement?** Every Class member who received more than one bill from Energy Plus and who makes a claim is entitled to receive a cash award of up to $101, the amount of which will depend on where they live and how many bills they received. As an alternative, Class members can: 1) choose to receive a gift certificate in the amount of the cash award rounded up to the nearest $5.00; 2) choose to receive "cash back" at a 15% premium (if they remain enrolled (or re-enroll) with Energy Plus for one continuous year); or 3) choose a "green" electricity option at a 20% premium over the cash award value.

**How to Get Benefits?** Use the code on the front of this postcard to determine the amount of the award to which you are entitled and to submit your Claim Form online by \_\_\_, 2013. Forms for submission by mail are available for downloading at www.EnergySettlement.com or by calling 1-888-344-6711.

**Your Other Options.** If you don't wish to be bound by the settlement, you must exclude yourself by sending a letter to the return address on the other side of this card by \_\_\_\_, 2013, with a copy to counsel for Defendant and the Class (whose addresses are on www.EnergySettlement.com). Unless you exclude yourself you won't be able to sue Energy Plus for any claim asserted in this lawsuit or released by the Settlement Agreement. If you stay in the settlement, you may object or ask for permission for you or your own lawyer to appear and speak at the hearing—at your own cost—but you don't have to do either. Written objections and requests to appear must be postmarked by \_\_\_\_, 2013 (with a copy to counsel for Defendant and the Class). Details on how to opt-out or object are in the notice and materials on the website. The Court will hold a hearing on \_\_\_\_\_, 2013 to consider whether to approve the settlement and attorneys' fees and awards for the Class Representatives.

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA WISE and GIDEON ROMM, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br>v.<br>ENERGY PLUS HOLDINGS LLC,<br><br>                Defendant. | Civil Action No. 11-7345 |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT

This Notice is to inform you of a proposed settlement of a class action lawsuit that will resolve claims against Energy Plus Holdings LLC and Energy Plus Natural Gas LLC ("Energy Plus" or "Defendant"). If you were a customer of Energy Plus Holdings LLC or Energy Plus Natural Gas LLC at any time up to and including October 15, 2012, **your legal rights may be affected by the settlement**

**This Notice is given to you pursuant to Rule 23 of the Federal Rules of Civil Procedure. Please read this document carefully.**

<u>YOU ARE NOT BEING SUED</u>. THIS NOTICE IS TO ADVISE YOU OF YOUR LEGAL RIGHTS IN CONNECTION WITH THE PROPOSED SETTLEMENT OF A CLASS ACTION LAWSUIT.

### SUMMARY OF THIS LAWSUIT

This lawsuit is pending in the United States District Court for the Southern District of New York (the "Court"). It was brought by Plaintiffs Angela Wise and Gideon Romm, on behalf of themselves and a class of persons with similar claims.

This Notice is not an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by either side in this lawsuit. The sole purpose of this Notice is to inform you of the proposed settlement and your rights.

Plaintiffs alleged that Energy Plus, an independent energy supplier, made misleading representations to consumers, contrary to its obligations under applicable laws. Plaintiffs also alleged that Energy Plus's rates were not as advertised because they were higher than prevailing market rates.

Energy Plus denied these allegations and contended that its rates were adequately disclosed and reasonably related to the relevant markets for electric and gas service. At the website set forth below, you can access the relevant complaint and answer for greater detail on the claims and defenses.

The Court has not ruled on the merits of the claims asserted on behalf of Plaintiffs and the Class, nor has it ruled on the merits of Energy Plus's defenses.

## DEFINITION OF THE CLASS

On _____, 2013, the Court certified this lawsuit to proceed as a class action for purposes of the proposed settlement.

The Class is defined as:

> All persons who were customers of Energy Plus Holdings LLC or Energy Plus Natural Gas LLC in New York, Maryland, Connecticut, New Jersey, Pennsylvania, Texas, Illinois, Ohio, or Massachusetts, at any time up to and including October 15, 2012.

Excluded from the Settlement Class are Energy Plus Holdings LLC and Energy Plus Natural Gas LLC; any of their respective parents, subsidiaries, or affiliates; any entity controlled by either of them; any officer, director, employee, legal representative, predecessor, successor, or assignee of either Energy Plus Holdings LLC or Energy Plus Natural Gas LLC; and any present or former customer who already made a similar claim and whose claim was resolved by a payment from Energy Plus.

In a class action, one or more persons are appointed to represent the interests of all persons with similar claims or defenses. In this case, the Court appointed Ms. Wise and Mr. Romm to serve as the Class Representatives. The Court also approved Ms. Wise and Mr. Romm's attorneys, the law firm of Meiselman, Packman, Nealon, Scialabba & Baker P.C., to serve as attorneys for the Class.

This Notice is being sent solely for the purposes of: (i) informing you that this lawsuit is pending; (ii) informing you that the Court has certified the lawsuit to proceed as a class action for purposes of settlement; (iii) advising you that the parties have reached agreement on a proposed settlement, and explaining the terms of the proposed settlement and how you can make a claim; and (iv) advising you of your rights with respect to the proposed settlement.

## SUMMARY OF THE PROPOSED SETTLEMENT

Depending on the choice of payment method that Settlement Class members make, the Settlement Agreement commits Energy Plus to making between $9,178,451.00 and $11,014,142.00 available for claims made by class members. Based on the state in which each class member resides and the number of bills he or she received, class members (other than those who received fewer than two invoices from Energy Plus within the relevant time period) are eligible to receive a check for between $6 and $101 dollars (the "Cash Option") for electricity supply and additional amounts if the same customer also received natural gas supply from

2

Energy Plus. The average settlement amount under the Cash Option for the entire class of more than 400,000 is approximately $23.00. Class members, whether they received electric supply only, natural gas supply only, or both, can find the exact Cash Option amount for which they are eligible on the Settlement Administrator's website, www.EnergySettlement.com. Class Members who are paid by check shall have 60 days within which to cash those checks.

While every eligible class member can choose the Cash Option, the Settlement Agreement provides added value by giving class members the option of receiving one of three alternative forms of payment, each of which is offered at a premium over the Cash Option. First, Settlement Class members may choose a gift certificate redeemable for merchant gift cards at a value equal to the Cash Option rounded up to the nearest $5.00. For example, a class member eligible for a $16 cash payment could choose a gift certificate in the amount of $20. The result is an average premium of 8.25% over the Cash Option.

Second, Settlement Class members can choose to participate in a "cash back" program through which they will receive, at the end of 12 consecutive months of future service from Energy Plus, a check or prepaid card in an amount equal to their applicable Cash Option plus a 15% (in the case of electric supply) or 20% (in the case of gas supply) premium over the Cash Option. Class members choosing this option must remain customers of Energy Plus for one year. Former customers may choose this option by re-enrolling with Energy Plus under its prevailing fixed price energy supply program (to the extent available in that Class Member's service area).

Third, for Energy Plus's electricity customers, a "green" option is available at a 20% premium over the Cash Option, valued at Energy Plus's retail rate for its "green" product add-on, to be fulfilled through renewable energy credit purchases used to offset actual customer usage. Should all of Energy Plus's electricity customers choose the green option, the maximum potential value of the Settlement Agreement will be $ 11,020,598.

Energy Plus has also agreed to be bound for two years to specific agreed changes that it has made to its advertising about the rates it charges; this two-year period began on August 1, 2012, by which time it had made the specified changes. Energy Plus will also engage outside counsel to conduct annual compulsory training for its marketing staff during those two years.

Class members who do not opt out of the settlement (as described below) will relinquish their right to bring claims on their own behalf, including claims for monetary relief, and Class members will not be able to sue Energy Plus on the same or any related claims. The proposed settlement does not mean that any law was violated or that Energy Plus did anything wrong. Plaintiffs and Class Counsel think the proposed settlement is fair and in the best interests of all Class members.

## YOUR RIGHTS AS A CLASS MEMBER

1. The Court authorized this Notice because you have a right to know about the proposed settlement of this class action lawsuit and about your options before the Court decides

3

whether to give final approval to the settlement. This Notice explains the lawsuit, the proposed settlement, and your legal rights.

2. To remain a member of the Class, as described above, you do not have to file any document with the Court or take any other action, although you must file a claim to receive an award. To determine the award to which you are entitled and the procedure for filing a claim, go to the settlement website (www.EnergySettlement.com) and enter the code on the front of the postcard you received. If you do not have access to the Internet, you can call the Settlement Administrator at 1-888-344-6711 and request that a claim form be mailed to you. Claims, whether made on-line or by mail, must be submitted by ___, 2013.

3. If you do not want to participate in this proposed settlement and you want to retain the right to sue Energy Plus about the legal issues in this case, then you must take steps to exclude yourself from the proposed settlement. This is called asking to "opt out" of the Class. If you exclude yourself, or "opt out." you cannot object to the proposed settlement. If you ask to be excluded, however, you may retain your right to sue Energy Plus. If you exclude yourself, you will not be bound by anything that happens in this lawsuit. Unless you exclude yourself, you give up the right to sue Energy Plus for all of the claims that the proposed settlement resolves.

4. To exclude yourself from the proposed settlement, you must state your intention to do so in writing, submitted by U.S. Mail, First-Class postage prepaid, to the Settlement Administrator, Kurtzman Carson Consultants LLC, at the address below. You must include your full name, address, signature, date, and, to the extent you can identify it, the time period during which you received electricity or natural gas supplied by Energy Plus. To be considered valid, a request for exclusion must set forth all of this information and must be timely received. You must mail copies of your request for exclusion postmarked by ___, 2013 to:

Energy Plus Settlement Administrator
c/o Kurtzman Carson Consultants LLC
**PO Box 43152
Providence, RI
02940-3152**

You must also send a copy of your request to be excluded to Class Counsel and Energy Plus' counsel at the addresses listed below. Requests to be excluded made on the phone, by email, or on the Internet cannot be accepted.

5. You or an attorney that you hire may file an appearance in this case with the Clerk. If you hire an attorney to represent you it will be at your own expense and you will not be represented by Class Counsel. Otherwise, unless you decide to exclude yourself from the Class, you will be represented by Class Counsel. You will not personally have to pay Class Counsel any attorneys' fees, costs or expenses for their professional services, but such fees, costs and expenses to be paid by Defendant may be awarded to them by the Court. Energy Plus has agreed to pay to Class Counsel attorneys' fees, costs, and expenses in an amount to be approved by the Court, up to $3,300,000. The Court may award less than that amount.

4

6.	If you disagree with any aspect of the proposed settlement and you do not opt out of the settlement, you may express your views to the Court in writing. The Court will consider your views. In your written objection, be sure to include the following:

(1)	the name and title of the lawsuit, *Wise v. Energy Plus Holdings LLC*, Civil No. 11-7345;
(2)	your full name, address, telephone number, and signature;
(3)	to the extent you can identify it, the time period during which you received electricity or natural gas supplied by Energy Plus.

Your written objection also must include a statement of the reasons why you object to the proposed settlement, and any documentation supporting your objection. If you intend to appear at the Final Approval Hearing to be heard, your written objection must state that you intend to do so (as explained in the section on "The Final Approval Hearing" below). Send copies of any objection to the Court, Class Counsel, and Energy Plus's Counsel listed below, postmarked no later than _____ 2013.

| COURT | CLASS COUNSEL | ENERGY PLUS'S COUNSEL |
|---|---|---|
| Clerk of the Court<br>U.S. District Court<br>Southern District of New York<br>500 Pearl Street<br>New York, New York 10007 | D. Greg Blankinship<br>Meiselman, Packman, Nealon, Scialabba & Baker P.C.<br>1311 Mamaroneck Avenue<br>White Plains, New York 10605 | Dana B. Klinges<br>Duane Morris LLP<br>30 South 17th Street<br>Philadelphia, Pennsylvania 19103-4196 |

Class members who do not timely make their objections in this manner will be deemed to have waived all objections and will not be entitled to be heard at the Final Approval Hearing.

## FINAL APPROVAL HEARING

1.	The Court will hold a Final Approval Hearing (also known as a "Fairness Hearing") at ___ a.m./p.m. on _____, 2013 in Courtroom 20B of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007. At the Final Approval Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court also will consider Class Counsel's request for attorneys' fees, costs, and expenses, and a proposed incentive award of $4,000 each for Ms. Wise and Mr. Romm, and an incentive award of $2,000 each for five other plaintiffs named in similar lawsuits, in recognition of their time and energy devoted to this case. If there are objections to the settlement, the Court will consider them. After the Final Approval Hearing, the Court will decide whether to approve the proposed settlement. You do not need to attend the Final Approval Hearing. Class Counsel will answer any questions the Court may have concerning the Class's position regarding the settlement.

However, you are welcome to attend the hearing at your own expense. If you send a written objection to the Court, you do not have to come to the Final Approval Hearing to have that objection considered. As long as you mailed your written objection on time, the Court will consider it. You may have your own lawyer attend the Final Approval Hearing (at your expense), but it is not necessary that you do so in order for the Court to consider your written objection. For you or your personal lawyer to speak at the Final Approval Hearing, you must send a letter or other written document to the Court as specified above. You should clearly mark your letter or document as your "Notice of Intent to Appear" in *Wise v. Energy Plus Holdings LLC*, Civil No. 11-7345. Be sure to include your name, address, telephone number, the time period in which you received electricity or natural gas from Energy Plus (to the extent you can identify it), and your signature. You also must include information about what you intend to say at the hearing. You must also send copies of your written objections to the Court, Class Counsel, and Energy Plus's Counsel at the addresses listed above. Any written objection must be postmarked no later than _____, 2013. The Court will decide if you will be allowed to speak at the Final Approval Hearing.

## OTHER MATTERS

1.      Please do *not* call the Court or the Clerk of the Court about this case. Also, do not contact your local utility about this case. If you have questions, you should contact your own attorney or direct your inquiries to the attorneys for the Class, D. Greg Blankinship, Esq., Meiselman, Packman, Nealon, Scialabba & Baker P.C., 1311 Mamaroneck Avenue, White Plains, New York 10605, (914) 517-5000.

2.      This Notice is only a summary of the proposed settlement of this lawsuit. All pleadings and documents, including the full Settlement Agreement, have been filed with the Clerk of the Court and may be reviewed or copied in the office of the Clerk of the United States District Court for the Southern District of New York. This Notice is sent only to advise you of the proposed settlement of this lawsuit and your rights with respect thereto.

Dated:   New York, NY
         _____, 2013

                                             By Order of the Court
                                             CLERK OF THE COURT
                                             United States District Court
                                             Southern District of New York