UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA WISE and GIDEON ROMM, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>ENERGY PLUS HOLDINGS LLC,<br><br>        Defendant. | Civil Action No. 11-7345 |

## DECLARATION OF JEREMY HEISLER, ESQ.

I, Jeremy Heisler, Esq., pursuant to 28 U.S.C. §1746, hereby declare as follows:

1. This declaration is based upon my personal knowledge.

2. My firm represents the Plaintiffs in *Yu, et al v. Energy Plus Holdings LLC et al* (D.N.J.) and *Taylor v. Energy Plus Holdings LLC* (Court of Common Pleas of Philadelphia Cty., PA) These cases involve substantially similar claims and allegations to the above-captioned action. Moreover, the Rule 23 classes pled in the *Yu* and *Taylor* cases are encompassed within the proposed settlement class in above-captioned action.

3. I am an attorney currently licensed in good standing to practice law in the State of New York. I am a partner of the law firm Sanford Heisler LLP.

4. I have been actively engaged in the practice of law since 1980. Throughout my career, I have served as class counsel in numerous class actions in the areas of employment discrimination, wage and hour, and consumer fraud.

5. This Declaration is for the purpose of describing the procedural posture and inherent difficulties of the *Yu* and *Taylor* actions and setting forth my firm's expenditure of time

1

and resources.

## Procedural History and Difficulties of These Actions

6. In May 2012, my firm filed the initial complaint in the *Yu* action on behalf of a proposed class of New Jersey consumers subject to Energy Plus' allegedly deceptive marketing practices. A similar class action lawsuit, *Faistl v. Energy Plus, LLC et al.* (D.N.J.), was filed in proximity to *Yu* and assigned to the same judge.

7. Defendant Energy Plus moved to dismiss both complaints on substantially similar grounds. Because the *Yu* plaintiffs amended their complaint, *Faistl* was decided on an earlier briefing schedule. On September 4, 2012, Judge Linares dismissed the *Faistl* complaint. *Faistl v. Energy Plus Holdings, LLC*, 2012 U.S. Dist. LEXIS 125334 (D.N.J. Sept. 4, 2012). Judge Linares essentially determined that Plaintiffs' claims were undercut by the explicit language of their customer agreements: Defendants' written marketing materials were not deceptive or unfair as a matter of law because Defendants disclosed that their energy rates would be variable and could fluctuate based upon a variety of factors. *See id.* at *19-20.

8. Following Judge Linares' ruling, the parties agreed to consolidate the *Yu* and *Faistl* cases and, on October 5, 2012, the plaintiffs filed an amended, consolidated complaint. Defendants then renewed their motion to dismiss. While we believed that the amended complaint adequately addressed the issues identified by Judge Linares and were very hopeful that it would survive the motion, success was far from assured. Further, even if we proceeded past the pleadings stage, we faced additional difficulties and risks at class certification, summary judgment, and a possible trial on the merits. Assuming we were able to successfully maneuver each of these pitfalls, recovery could take several years.

9. Against this backdrop, we also faced the reality of being a later-filed case to this action, *Wise v. Energy Plus Holdings, LLC*, and being substantially behind in the litigation

process. In fact, at the time we were informed of the global settlement of the complaints against Energy Plus in the *Wise* action, discovery had not yet commenced in either *Yu* or *Taylor* cases while discovery in *Wise* was nearing its completion.

10. In light of these circumstances, I support the settlement reached in this case. It provides a significant portion of the class' damages, covers all Energy Plus customers despite possible differences in their situations and in the laws of the nine states where the Company does business, and offers meaningful injunctive relief to address the Company's practices. It does not prevent state Attorney Generals or other government entities from seeking additional remedies that may be available, such as civil penalties and more comprehensive injunctive measures.

## Sanford Heisler's Reasonable Attorney's Fees and Costs

11. Based on my activities in this case, as well as my review of my firm's billing records maintained in this case, I have personal knowledge of the time attorneys and paraprofessionals at my firm spent rendering services on behalf of the plaintiffs, the hourly rates charged for those services, and the necessary costs incurred in the normal course of this litigation.

12. From inception through today, the attorneys and paraprofessionals at my firm expended the following number of hours, at the following hourly rates, in performing legal services on behalf of the plaintiffs in the *Yu* and Taylor cases:

| Timekeeper | Position | Hours | Rate/Hour | Total |
|---|---|---|---|---|
| Jeremy Heisler | Partner | 49.75 | $870.00 | $43,282.50 |
| Steven Wittels | Partner | 36.00 | $790.00 | $28,440.00 |
| Andrew Melzer | Associate | 254.30 | $580.00 | $147,494.00 |
| Jennifer Siegel | Associate | 26.95 | $350.00 | $9,432.50 |
| Stephanie Shih | Paralegal | 54.75 | $195.00 | $10,676.25 |

13. Based on my knowledge and experience, the rates charged by the attorneys and paraprofessionals at my firm are within the range of rates normally and customarily charged in

3

the City of New York by attorneys and paraprofessionals of similar qualifications and experience in cases of this kind.

14. In my judgment, and based on my years of experience, the number of hours expended and the services performed by the attorneys and paraprofessionals at my firm were reasonable and expended for the benefit of the plaintiffs in this litigation.

15. The total number of hours spent by each attorney and paraprofessional in rendering services through the date of this declaration, multiplied by his or her individual rate per hour, equals $239,325.25.

16. My law firm also incurred expenses in the amount of $3,301.45. These expenses include: Travel, Meals, Filing and *Pro Hac Vice* Fees, and other case-related expenses that commonly benefitted plaintiffs. Based on my knowledge and experience, all of these expenses were necessary and reasonable, and incurred for the benefit of the plaintiffs in this litigation.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: June 26, 2013
New York, NY

_____
Jeremy Heisler