USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/17/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
:
ANGELA WISE and GIDEON ROMM, :
on behalf of themselves and all others : 11 Civ. 7345 (WHP)
similarly situated, :
: ORDER
Plaintiffs, :
:
-against- :
:
ENERGY PLUS HOLDINGS LLC, :
:
Defendant. :
:
------------------------------X

WILLIAM H. PAULEY III, District Judge:

  The parties move for final approval of an agreement settling all claims brought under New York General Business Law § 349 and § 349-d, alleging that Energy Plus, an independent energy service company, made misleading representations, and that Energy Plus's rates were higher than prevailing market rates. Plaintiffs also move for approval of attorney's fees and class representative service awards.

  When evaluating a proposed class settlement, courts first determine whether the settlement class is certifiable. See Denney v. Deutsche Bank AG, 443 F.3d 253, 270 (2d Cir. 2006). Rule 23(a) requires numerosity, commonality, typicality, and adequacy of representation. Rule 23(b)(3) requires a finding that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Here, the proposed settlement class is approximately 400,000 consumers in nine states, who are

current or former Energy Plus customers, at any time up to and including October 15, 2012. The proposed settlement class satisfies these requirements, and is uncontested.

Having certified a settlement class, this Court determines whether the proposed settlement is procedurally and substantively fair. To determine whether a settlement is procedurally fair, courts examine the negotiating process leading to the agreement. Wal-Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 116 (2d Cir. 2005). To determine whether a settlement is substantively fair, courts determine whether the settlement's terms are fair, adequate, and reasonable. Joel A. v. Giuliani, 218 F.3d 132, 138 (2d Cir. 2000). This analysis is guided by the "strong judicial policy in favor of settlements." Wal-Mart, 396 F.3d at 116.

Here, the proposed settlement is a fair and reasonable resolution of the dispute. The settlement was negotiated at arm's length, in good faith, by experienced counsel. The parties have taken into account the uncertainty and risks of litigation, as well as the costs each party will incur if litigation continues. Of the Class Members, 21% have filed claims, which is a higher level of participation than is customary in consumer class actions. Moreover, only a handful of objections were received. This Court is mindful that this higher settlement rate may be due in part to the fact that as a utility company, the Defendant is in a better position to locate those class members who are current customers. But the high rate of settlement nevertheless indicates that class reaction is favorable. Maley v. Del Global Tech. Corp., 186 F. Supp. 2d 358, 365-66 (S.D.N.Y. 2002).

This Court has also carefully considered the objections to the settlement agreement submitted by the Attorneys General of New York, Illinois, Maryland and Connecticut, and concluded that the settlement is fair and adequate notwithstanding those objections. In

particular, this Court notes the New York Attorney General's argument that the settlement should provide for automatic bill credits for those class members who are Defendant's current customers, as opposed to requiring those class members to file claims. However, the parties have convinced this Court that automatic bill credits may only be feasible for a small number of class members, and that the informational and administrative costs would outweigh the benefits to those class members. This Court also notes that the parties have engaged in substantial discovery and evaluation of the claims at issue, which satisfies this Court that the settlement amount accurately reflects concerns about the strengths of the claims at issue. And this Court notes that the Attorneys General are not precluded from seeking alternative relief. Accordingly, the parties' settlement agreement is approved.

Further, this Court finds that Plaintiffs' request for attorney's fees and service awards is reasonable. Counsel's request for slightly less than one-third of the settlement payment is "consistent with the norms of class litigation in this circuit." Diaz v. Eastern Locating Service, Inc., 10 Civ. 04082 (JCF), 2010 WL 5507912, at *7 (S.D.N.Y. Nov. 29, 2010). The proposed service awards are reasonable as well. See Roberts v. Texaco, Inc., 979 F. Supp. 185, 200-01 (S.D.N.Y. 1997).

Dated: September 17, 2013
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record*