UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

                                        :

ANGELA WISE and GIDEON ROMM,
on behalf of themselves and all others     :     11cv7345
similarly situated,

                                          :     ORDER

                  Plaintiffs,       :

        -against-              :

ENERGY PLUS HOLDINGS LLC,           :

                  Defendant.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

         This Court received the attached letter on February 20, 2015.  Counsel for the

parties are directed to make the appropriate inquiry and submit a joint letter report to this Court

by March 27, 2015.

Dated: March 6, 2015
       New York, New York

                            SO ORDERED:

                            _____
                            WILLIAM H. PAULEY III
                               U.S.D.J.

*All Counsel of Record.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/6/15

STEPHEN A. GLANZROCK
277 WEST 22ND STREET #2-A
NEW YORK, NEW YORK
10011


20 February, 2015


Clerk of the Court
U.S. District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Wise v. Energy Plus Holdings LLC*, Civil Action No. 11-7345
      Energy Plus Settlement  / EPS Claims ID # 1134703701  133655

To the Clerk of the Court:

I was a member of the class entitled to participate in the terms of the settlement reached by the parties in the above listed action.

Instructions for obtaining benefits were printed on a postcard and informed participants that they should submit a claim online by July 24, 2013 using the Claims ID printed on the front of the card ("the code").

*Immediately following this* direction was *another instruction* in boldface titled: **Your Other Options**. Essentially, it offered anyone who wished to stay in the settlement the opportunity to object in writing. The deadline to do so was June 17, 2013. I chose to object and submitted my concerns in writing (copy attached) on April 28, 2013. As anyone can see, I clearly printed my Claims ID ("the code") at the top of the document.

Since then, I heard nothing from any of the parties. Finally, I called the office of the plaintiff's attorney, Mr. D. Greg Blankinship, and was informed he was no longer with the firm. Eventually, I spoke with Ms. Linda Nazem who asked for my Claims ID number and said she'd get back to me.

This morning, Ms. Nazem called me to explain that it was too late, the deadline had passed and she was sorry, but there was nothing she could do.

This is not right. I did as I was instructed and wrote a lengthy document including all the information plaintiffs would need to process any future disbursement. I was not in control of anything beyond this point. The attorneys clearly were, but they allowed my participation to slip through the cracks.

I am writing to ask that you bring this matter to the attention of the presiding judge and that he instruct the attorneys to distribute to me my share of the settlement award. ($101.00)  I responded in good faith and was in compliance with the deadline and information required of anyone who wished to file an objection -- yet still remain a part of the class.

The attorneys were generously compensated for their work. I would think the performance of their obligations to the class they were representing requires an equal application of their efforts.


Sincerely,

Stephen A. Glanzrock


Tel: 917 273-2337


Enc.



COPY

**Subject:** From Stephen Glanzrock re: Energy Plus Settlement
**From:** Fordeposit <fordeposit@verizon.net>
**Date:** 2/19/2015 12:31 PM
**To:** lnazem@mpnsb.com

Hi Linda,

I spoke with you yesterday about not having received a settlement payment re: *Wise v. Energy Plus Holdings LLC*, Civil Action No. 11-7345.

As I mentioned to you on the phone, I objected to the proposed settlement, but I did not opt out.

My EPS Claims ID is: # 1134703701  133655.

I am attaching a copy of my correspondence sent to the Clerk of the Court as well as attorneys for the both the plaintiffs and the defendant.

I can be reached at (917) 273-2337.

Thank you so much for your help.


Stephen Glanzrock


─── Attachments: ────────────────────────────────────

Energy Plus.docx                                                          20.7 KB




Sent:   2/19/2015
To:     Linda Nazem (lnazem@mpnsb.com)

        Meiselman, Packman, Nealon, Scialabba & Baker P.C.
        1311 Mamaroneck Ave
        White Plains, New York, 10605

        (914) 517-5000

**STEPHEN A. GLANZROCK**
277 WEST 22ND STREET #2-A
NEW YORK, NEW YORK
10011

28 April, 2013

Clerk of the Court
U.S. District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Wise v. Energy Plus Holdings LLC*, Civil Action No. 11-7345;
     Energy Plus Settlement  / EPS Claims ID # 1134703701  133655

To the Clerk of the Court:

(1) My name is Stephen A. Glanzrock and I reside at ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
     ▉▉▉▉▉▉. My telephone number is (212) 255-8733.

(2) I was a residential electric customer of Energy Plus for forty-two months: from April 2, 2008
     until October 11, 2011.

(3) I respectfully wish to object to the terms of the settlement referenced  in the above mentioned
     civil action. The proposed cash remedy (approximately $100) is wholly inadequate given the
     extent to which I and others like me were overcharged for electricity by Energy Plus.

(4) The pricing policies of Energy Plus amount to price gouging. The prices charged by Energy Plus
     for *natural gas* (as well as electricity) were far above national averages. (See sample chart
     enclosed). While I was not a natural gas customer, Energy Plus overcharged their customers
     wherever they could, not just for electricity.

(5) The fact that the public consensus was that energy prices were beyond their control enabled the
     company to make its customers believe their bills were going up because Energy Plus was merely
     passing on unspecified increased costs and not because it was exploiting their customers for
     unreasonable gain.

(6) It was not until 2010 that I became suspicious when I began to see electric bills that were
     outrageously high for my extremely tiny New York apartment.  Eventually, I decided to look into
     what Energy Plus was actually charging me and I kept track of how they were specifically pricing
     electric usage per kwh.

(7) Before 2011 was over, it was clear that I was being greatly overcharged by Energy Plus. My
     suspicions were supported by many other consumers who were publicly posting their complaints
     about Energy Plus on the internet. **Once I decided to choose another provider, my annual bill
     for electricity immediately dropped 39% between 2010 and 2011!** (See attached chart of
     electricity expenses)

Page Two
Clerk of the Court
U.S. District Court
Southern District of New York

April 28, 2013

(8) As the expense chart shows, *after switching to Energy Plus in 2008*, my electricity costs **INCREASED 33%** compared with the same eight-month period in 2007.

(9) And even more significantly, *once I switched away from Energy Plus*, my electricity costs **DECREASED 39%** when compared with the following ten-month period in 2012!

*Allowing for inflation during this time – which was at record low levels due to the severe economic downturn of the global economy – even then, Energy Plus' rates were excessively high.*

(10) Using the conservative *low end* of the range in which my electricity bills increased during this period, if you take 33% of the total $3,423 amount billed by Energy Plus, you arrive at over $1,141 in overcharges -- more than 10 times the proposed settlement!

Given the extensive and egregious extent of Energy Plus's across-the-board overcharging, I urge the court to reject the proposed settlement claim as being grossly inadequate.

Sincerely,

Stephen A. Glanzrock

Enc.

cc:

D. Greg Blankinship
Meiselman, Packman, Nealon,
Scialabba & Baker P.C.
1311 Mamaroneck Avenue
White Plains, New York 10605

Dana B. Klinges
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania
19103-4196